**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) ) ) | |
| Plaintiff, ) ) | |
| v.   ) ) | Case No. 10-CV-0189-CVE-FHM |
| GARY NAVARRO, ) ) | |
| Defendant. ) | |

**AGREED FINAL JUDGMENT AS TO DEFENDANT GARY NAVARRO**

Before the Court is the parties agreed motion to enter agreed final judgment (Dkt. # 3). The Securities and Exchange Commission filed a Complaint and Defendant Gary Navarro ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Agreed Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Agreed Final Judgment. For good cause shown, the Court finds that the motion should be and is hereby **granted.**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the motion (Dkt. # 3) is **granted**. Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Agreed Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or

of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is liable for disgorgement of $83,602, representing losses avoided as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $5,066.60, for a total of $88,668.60.  Defendant shall satisfy this obligation by paying $88,668.60 within ninety (90) business days after entry of this Agreed Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Gary Navarro as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Agreed Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant shall pay a civil penalty in the amount of $83,602 pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1]. Defendant shall make this payment within ninety (90) business days after entry of this Agreed Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Gary Navarro as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Agreed Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter and Defendant in order to implement and carry out the terms of all Orders and Decrees that may be entered, and/or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court, and will order other relief that this Court deems appropriate under the circumstances.

**DATED** this 30th day of March, 2010.

                                                    */s/ Claire V. Eagan*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT